UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SHAKA SHABAZZ,
         Plaintiff,

v.                                                     CASE NO. 3:14-cv-818(SRU)

COMMISSIONER JAMES DZURENDA, ET AL.,
         Defendants.

## INITIAL REVIEW ORDER

The plaintiff, Shaka Shabazz, currently incarcerated at Osborn Correctional Institution, filed this civil rights action *pro se*. The named defendants are Commissioner Dzurenda, Warden Peter Murphy, Counselor Rachel Boland, Correctional Treatment Officer Mortimer and Correctional Officer Peters.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on June 11, 2013, he received a disciplinary report.  A lieutenant informed the plaintiff that he would be placed temporarily in restrictive housing.  A correctional officer took possession of all of the plaintiff's personal property and delivered it to Correctional Treatment Officer Mortimer.  Before the plaintiff was released from restrictive housing, CTO Mortimer came to the plaintiff's cell with an inventory of his personal property.  When the plaintiff noted that some items were not listed on the inventory, CTO Mortimer added those items the inventory form.

Upon the plaintiff's release from restrictive housing, he noticed that a number of personal hygiene items, food items and stationary items were missing from his personal property.  The plaintiff suspected that correctional staff had stolen the items.  The plaintiff filed a grievance.  Counselor Boland denied the grievance.  Warden Murphy upheld the denial of the grievance.

The plaintiff claims that CTO Mortimer failed to list all of his property on the inventory.  The plaintiff claims that without the accurate inventory, he has no proof that he owned certain food and hygiene items.  The plaintiff does not allege that he was precluded from getting copies of the commissary receipts for the food, hygiene and stationary items that he had purchased and were in his cell on the day that he was moved to restrictive housing in order to prove his claim of

lost property.

The plaintiff seeks money damages for the loss of his property. For the reasons set forth below, the Complaint is dismissed.

The plaintiff does not mention Correctional Officer Peters other than in the caption and description of the parties. As such, the plaintiff has not alleged that Correctional Officer Peters violated his federally or constitutionally protected rights. The claims against defendant Peters are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff asserts a Fourteenth Amendment claim against defendants Dzurenda, Murphy, Boland and Mortimer for the loss of personal property items. The Supreme Court has found that the Due Process Clause of the Fourteenth Amendment is not violated when a prison inmate loses personal belongings due to the negligent or intentional actions of correctional officers if the state provides an adequate post-deprivation compensatory remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981).

The State of Connecticut provides an adequate remedy for the kind of deprivation the plaintiff alleges. *See* State of Connecticut Department of Correction Administrative Directive 9.6(16) (Aug. 15, 2013) (providing Department of Correction's Lost Property Board shall hear and determine any claim by an inmate who seeks compensation not to exceed $3,500.00 for lost or damaged personal property and that inmate may present the property claim to the Claims Commissioner after the Board denies the claim in whole or in part); Conn. Gen. Stat. § 4-141 *et seq*. (providing that claims for payment or refund of money by the state may be presented to the Connecticut Claims Commission); *S. v. Webb*, 602 F. Supp. 2d 374, 386 (D. Conn. 2009) (finding Connecticut has sufficient post-deprivation remedies for seizures of property by state

officials). The procedures by which the Department of Correction's Lost Property Board or the Connecticut Claims Commissioner shall hear and determine claims against the state are not rendered inadequate simply because plaintiff anticipates a more favorable remedy under the federal system or it may take a longer time under the state system before his case is resolved. *See Hudson*, 468 U.S. at 535.

The plaintiff attaches evidence that on July 30, 2013, he filed an Inmate Grievance using a Lost/Damages Investigation Form, CN 9609. On August 5, 2013, Warden Murphy determined that the plaintiff's claim that staff had stolen his hygiene and food items was without merit.

The plaintiff is and was aware of the remedies available under Administrative Directive 9.6(16) for pursuing a claim of lost property against Department of Correction officials as evidenced by the partial copy of Administrative Directive 9.6 attached to his Complaint. He does not allege that he took advantage of all of the available remedies by completing a Property Claim form CN 9611 and sending the form and related documents to the Department of Correction's Lost Property Board in Wethersfield, Connecticut. The Lost Property Board is permitted up to one year from the date of receipt of the property claim to review, investigate and issue a decision. Furthermore, if the Lost Property Board denies a claim, the inmate may file a claim with the Office of the Claims Commissioner.

The plaintiff does not allege that he pursued the procedures offered by Office of the Claims Commissioner or that those procedures are inadequate. Accordingly, the property claims against defendants Dzurenda, Murphy, Boland and Mortimer are dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

In addition to his property claims under the Fourteenth Amendment, the plaintiff generally alleges that the defendants violated his First, Fourth, Fifth and Eighth Amendment

rights.  The plaintiff asserts no facts to suggest violations of his rights under any of these amendments to the United States Constitution.  Accordingly, the claims under the First, Fourth, Fifth and Eighth Amendments are dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

All claims against all of the defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The Motion for Service [**Doc. No. 4**] of the Complaint is **DENIED**.  The court declines to exercise supplemental jurisdiction over any state law claims.  *See* 28 U.S.C. 1367(c)(3).  If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  The Clerk is directed to enter judgment for the defendants and close this case.

SO ORDERED at Bridgeport, Connecticut this 22nd day of October 2014.

/s/ Stefan R. Underhill
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE